FILED
99 MAY 11 PM 1:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| T.P. PRODUCTIONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.   CV 98-J-2772-S |
| ) | |
| MASTERLEASE, a division of Tokai ) | |
| Financial Services, Inc., ) | ENTERED |
| ) | MAY 11 1999 |
| Defendant. ) | |

ENTERED
MAY 11 1999

## MEMORANDUM OPINION

This cause comes before this Court on Defendant's motion for partial summary judgment as to its counterclaim (doc. 14).

### Undisputed Material Facts

Plaintiff/ counter-claim Defendant ("T.P. Productions") entered into a 60-month lease agreement with Defendant/ counter-claim Plaintiff ("Tokai") wherein Tokai was to provide T.P. Productions with telephone equipment. T.P. Productions filed this lawsuit claiming that Tokai had committed multiple contract infractions and torts by failing to provide equipment of the proper quality. Tokai filed a counterclaim to recover unpaid lease payments under the terms of the lease.

### Summary judgment standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the

1

22

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for

2

trial." Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D. Ala.); citing *Anderson*, 47 U.S. at 251-252.

### Analysis

Tokai filed a motion for summary judgment on its counter-claim supported by the

affidavit of Alan Czerwinski, Tokai's Legal Portfolio Manager. The Czerwinski affidavit established the remaining amount owed by T.P. Productions under the terms of the lease agreement. Plaintiff responded with a document captioned "Plaintiff's Opposition to Defendant, Tokai Financial Services, Inc.'s, Motion for Partial Summary Judgment" (doc. 21). Said document was not supported by any evidence. Federal Rules of Civil Procedure Rule 56(e) established the requirements for T.P. Production to oppose a properly supported motion for summary judgment like the one filed by Tokai. "[T]he adverse party's response, by affidavits or as otherwise provided in this rule, **must** set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). T.P. Productions has failed to do so. Instead, T.P. Productions made allegations unsupported by any evidence.

Rule 56(e) further establishes that "[i]f the adverse party does not so respond, summary judgment, if appropriate, **shall** be entered against the adverse party." Fed. R. Civ. P. 56(e) (emphasis added). T.P. Productions has produced no evidence to create a genuine issue of material fact for trial. Therefore summary judgment is due in favor of Tokai and against T.P. Productions on the counter-claim of Tokai.

## Conclusion

Based upon the above analysis and in accordance with the separate order this day entered;

It is therefore **ORDERED** that Defendant's motion for partial summary judgment

(doc. 14) be and hereby is **GRANTED**.

    **DONE and ORDERED** this the $\underline{11}$ day of May, 1999.

                                                      Inge P. Johnson  
                                                      United States District Judge

SCANNED

MAY 1 1999

BY